Brian T. Shaw, Esq.
**CONSUMER LITIGATION GROUP**
Law Office of Dimitrios Kolovos, LLC
211 West State Street, Suite 204
Media, PA  19063
Tel 610-616-5303 Ext. 3
Fax 610-672-1944
BShaw@ConsumerLitigators.com

Pursuant to Local Civil Rule 53.2(3)(c)(2), this case is subject to non-binding arbitration.

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRAZIA PUZZANGARA,<br><br>      Plaintiff,<br><br>   v.<br><br>CONSUMER RECOVERY ASSOCIATES, LLC a/k/a CRA a/k/a C & RA & ASSOCIATES a/k/a CR & CC Associates,<br><br>      and<br><br>XYZ Entities I - X,<br><br>      and<br><br>John Doe I a/k/a John Gibson in his individual capacity and in his agency capacity for Consumer Recovery Associates, LLC, and/or XYZ Entities I – X,<br><br>      and<br><br>John Doe II a/k/a Adair in his individual capacity and in his agency capacity for Consumer Recovery Associates, LLC, | DOCKET NO.:<br><br>CIVIL ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

and/or XYZ Entities I – X,

    and

John Doe III a/k/a Noah in his individual capacity and in his agency capacity for Consumer Recovery Associates, LLC, and/or XYZ Entities I – X, LLC,

    and

John Does IV – X, in their individual capacities and in their agency capacities for Consumer Recovery Associates, LLC, and/or XYZ Entities I – X,

    Defendants.

## PARTIES

1. Plaintiff Grazia Puzzangara ("Puzzangara") is a citizen and resident of the Commonwealth of Pennsylvania.

2. Upon information and belief, Defendant Consumer Recovery Associates, LLC also known as CRA also known as C & RA & Associates also known as CR & CC Associates (hereinafter "CRA"), regularly conducts business in the Commonwealth of Pennsylvania and is principally located at 2697 International Parkway, Suite 4-270, Virginia Beach, Virginia, 23452.

3. Upon information and belief, Defendants XYZ Entities I – X are unknown artificial persons and regularly conduct business within the Commonwealth of Pennsylvania.

4. Defendant John Doe I a/k/a John Gibson in his individual capacity and in his agency capacity for CRA and/or XYZ Entities I – X (hereinafter, "John Doe I"), is a natural person and regularly conducts business in the Commonwealth of Pennsylvania; upon information and belief he is principally employed at 2697 International Parkway, Suite 4-270, Virginia Beach, Virginia, 23452.

5. Defendant John Doe II a/k/a Adair in his individual capacity and in his agency capacity for CRA and/or XYZ Entities I – X (hereinafter, "John Doe II"), is a natural person and regularly conducts business in the Commonwealth of Pennsylvania; upon information and belief he is principally employed at 2697 International Parkway, Suite 4-270, Virginia Beach, Virginia, 23452.

6. Defendant John Doe III a/k/a Noah in his individual capacity and in his agency capacity for CRA and/or XYZ Entities I – X (hereinafter, "John Doe III"), is a natural person and regularly conducts business in the Commonwealth of Pennsylvania; upon information and belief he is principally employed at 2697 International Parkway, Suite 4-270, Virginia Beach, Virginia, 23452.

7. Defendant John Does IV – X, in their individual capacities and in their agency capacities for CRA, and XYZ Entities I - X ("John Does"), are

unknown natural persons who regularly conduct business within the Commonwealth of Pennsylvania.

8. Upon information and belief, Defendants John Doe I, John Doe II, John Doe III and the other John Does are agents of Defendant CRA, and Defendant XYZ Entities I-X.

9. At all times material and relevant hereto, Defendants John Doe I, John Doe II, John Doe III and the other John Does acted as agents in furtherance of the objectives of their principal, Defendant CRA and Defendant XYZ Entities; accordingly, Defendant CRA and Defendant XYZ Entities are jointly and severally liable for the acts and omissions of their agents, John Doe I, John Doe II, John Doe III and the other John Does.

## JURISDICTION AND VENUE

10. Plaintiff repeats the foregoing Paragraphs as if each were reprinted herein below.

11. Subject matter jurisdiction is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

12. Personal jurisdiction is proper pursuant to 42 Pa. C.S.A. § 5322 because the Defendants purposely availed themselves to the privileges of conducting business within the Commonwealth of Pennsylvania.

13. Venue and *forum conveniens* in the United States District Court for Eastern District of Pennsylvania is proper pursuant to 28 U.S.C. § 1391(b) because the acts and omissions complained of in this Complaint occurred in the County of Delaware in the Commonwealth of Pennsylvania and/or because the Defendants conduct business within the County of Delaware.

## FACTUAL ALLEGATIONS

14. Plaintiff repeats the foregoing Paragraphs as if each were reprinted herein below.

15. Upon information and belief, on or about February 4, 2010, or prior thereto, CRA was allegedly retained to collect and/or allegedly purchased a consumer credit card account from "Lane Bryant," the original creditor, for the purposes of attempting to collect same from Plaintiff.

16. Plaintiff disputes the alleged "Lane Bryant" consumer credit card account.

17. In or around February of 2010 or prior thereto, Plaintiff began receiving multiple telephone calls and messages from Defendants.

18. On or about February 4, 2010, at approximately 10:31 a.m., John Doe I left a message for Plaintiff identifying himself as John Gibson with the offices of CRA and providing the telephone number 866-573-0712.

19. During said telephone message, John Doe I said, "this would be in regards to your file here for processing…it is important Grazia that I take your statement in this matter today."

20. On or about February 4, 2010 approximately between the hours of 3:00 p.m. and 4:00 p.m., in response to a message left by a male from CRA who identified himself as John Gibson, Plaintiff telephoned CRA and spoke with John Doe II.

21. During said telephone call and in response to Plaintiff's request for John Gibson, John Doe II stated that John Gibson works for the legal department and is in the middle of an arbitration meeting.

22. Upon information and belief, Defendant CRA is not a law firm.

23. During said telephone call, John Doe II stated that he had asked John Gibson to call her explaining that they are with the legal division of the firm of C & RA & Associates.

24. During said telephone call, Plaintiff advised John Doe II that she was taping the telephone call.

25. During said telephone call, in response to being informed that the call was being taped, John Doe II asked "so what does that have to do with us?"

26. During said telephone call and despite being told by Plaintiff that she did not intend to have an attorney contact him, John Doe II angrily stated, "I think

you're being adversarial here; let me give you my number, I want your lawyer to contact me and you can tape that o.k." John Doe II thereafter identified himself as Adair and provided a direct telephone number of 866-573-0712 extension 747.

27. During said telephone call and despite Plaintiff's repeated insistence that she was not contacting a lawyer, John Doe II tersely and angrily stated that she must have her attorney contact him and that he would let her learn the hard way.

28. On or about February 19, 2010, Plaintiff had another telephone conversation with Defendant CRA.

29. During said telephone call, John Doe III (who later identified himself as Noah), in earshot to the telephone said to a person in his office, "Frank can you go get me the Grazia file please."

30. During said telephone call, Plaintiff informed John Doe III that conversation was being recorded.

31. During said telephone call and in response to being informed that the conversation was being recorded, John Doe III stated, "that's fine" and then further stated that he does not consent to the conversation being recorded.

32. Despite his statement that he does not consent to the conversation being recorded and being told by Plaintiff that the conversation would have to end otherwise, John Doe III continued the conversation.

33. During said telephone call, after Plaintiff informed John Doe III that the call would have to end, John Doe III stated, "either you want the information or your don't…but you can't say that you weren't offered the information when this comes around." John Doe III thereafter sought confirmation of Plaintiff's social security number and continued the conversation with full knowledge of it being recorded.

34. During said telephone call, after Plaintiff disputed the debt, John Doe III stated, "it's up to you if you want to handle this voluntarily."

35. During said telephone call, after Plaintiff told John Doe III that she had not been sent any information or paperwork on the account, John Doe III informed Plaintiff that that they cannot send any documentation until arrangements are in place.

36. During said telephone call, in response to Plaintiff's request for documentation, John Doe III stated that if she needs documentation she must pull her credit.

37. During said telephone call, John Doe III stated that he is just going to mark this as a refusal and go ahead and process the paperwork.

38. As a result of Defendants' harassment and abuse of Plaintiff, she sustained injuries including, *inter alia*, severe stress, humiliation, and fear.

## COUNT ONE
## (Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*)

39. Plaintiff repeats the foregoing Paragraphs as if each was reprinted herein below.

40. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

41. Defendant alleged Plaintiff owed a "debt" of a "personal, family, or household" nature as defined by 15 U.S.C. § 1692a(5).

42. Defendants are regularly engaged in the collection of defaulted consumer debts.

43. Defendants engaged in "communication[s]" regarding the alleged debt with the Plaintiff as defined 15 U.S.C. § 1692a(2).

44. Defendants are "debt collector[s]" as defined 15 U.S.C. § 1692a(6).

45. Defendants implied that a lawsuit was filed or would imminently be filed by stating that: they had a file for processing ; her statement needed to be taken today;  John Gibson works for the legal department; John Gibson is in an arbitration meeting; they were with the legal division of the firm of C& RA & Associates; it was up to her if she wanted to handle this voluntarily; Plaintiff cannot say that she was not offered the information when this comes around; they were just going to mark this as a refusal and go ahead

and process the paperwork; she must have an attorney contact them and by pretending to request Plaintiff's file from a colleague while she was listening and thereby used false, deceptive, and misleading representations and means by falsely representing the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(3).

46. Defendants by stating that: they had a file for processing ; her statement needed to be taken today;  John Gibson works for the legal department; John Gibson is in an arbitration meeting; they were with the legal division of the firm of C& RA & Associates; it was up to her if she wanted to handle this voluntarily; Plaintiff cannot say that she was not offered the information when this comes around; they were just going to mark this as a refusal and go ahead and process the paperwork; she must have an attorney contact them and by pretending to request Plaintiff's file from a colleague while she was listening used false, deceptive, and misleading representations and means by falsely representing and implying that an individual was an attorney in violation of 15 U.S.C. § 1692e(3).

47. Defendants implied that a lawsuit was filed or would imminently be filed by stating that: they had a file for processing ; her statement needed to be taken today;  John Gibson works for the legal department; John Gibson is in an arbitration meeting; they were with the legal division of the firm of C& RA

& Associates; it was up to her if she wanted to handle this voluntarily; Plaintiff cannot say that she was not offered the information when this comes around; they were just going to mark this as a refusal and go ahead and process the paperwork; she must have an attorney contact them and by pretending to request Plaintiff's file from a colleague while she was listening and thereby used false, deceptive, and misleading representations and means by threatening to take actions not intended to be taken in violation of 15 U.S.C. § 1692e(5).

48. Upon information and belief, as of the date of this action, Defendants have not filed a lawsuit against Plaintiff to recover the alleged debt.

49. Defendants by stating that: they had a file for processing ; her statement needed to be taken today;  John Gibson works for the legal department; John Gibson is in an arbitration meeting; they were with the legal division of the firm of C& RA & Associates; it was up to her if she wanted to handle this voluntarily; Plaintiff cannot say that she was not offered the information when this comes around; they were just going to mark this as a refusal and go ahead and process the paperwork; she must have an attorney contact them and by pretending to request Plaintiff's file from a colleague while she was listening used false, deceptive, and misleading representations and means to

collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692e(10).

50. In connection with the collection of the alleged debt, the Defendants failed disclose that communications were from a debt collector in violation of 15 U.S.C. § 1692e(11).

51. In connection with the collection of the alleged debt, the Defendants used false, deceptive, and misleading representations and means by using names other than true names in violation of 15 U.S.C. § 1692e(14).

**WHEREFORE**, Plaintiff demands that judgment be entered against Defendants for actual damages, statutory damages, costs of the action, reasonable attorney's fees, pre and post judgment interest, and other relief as may be just and proper.

**Plaintiff demands a trial by jury.**


BY:  s/Brian T. Shaw_____
     Brian T. Shaw, Esq.
     **CONSUMER LITIGATION GROUP**
     Law Office of Dimitrios Kolovos, LLC
     211 West State Street, Suite 204
     Media, PA  19063
     Tel 610-616-5303 Ext. 3
     Fax 610-672-1944
     Eml: BShaw@ConsumerLitigators.com